The opinion of the Court was delivered by
Fiiost, J.
The seventh section of the habeas corpus Act provides that “if any person shall be committed for treason or felony, plainly expressed in the warrant, upon his prayer or petition in open Court, the first week of the term, or the first day of the Sessions of Oyer and Terminer and general jail delivery, to be brought to his trial, shall not be indicted, some time in the next term, Sessions of Oyer and Terminer and general jail delivery, after such commitment,” &c. “ the Judges of the Court,” <fcc. “ are required, upon motion made to them in open Court, the last day of the term, either by the prisoner or any one in his behalf, to set at liberty the prisoner, on bail: unless,” &c. “ And if any person committed, as aforesaid, upon his prayer or petition in open Court, the first week of the term, or the first day of the sessions of Oyer,” <fcc. “ to be brought to trial, shall not be indicted and tried the second term, sessions of Oyer," &c. “after his commitment: or upon his trial shall be acquitted, he shall be discharged from his imprisonment.”
It was the express object of the statute to protect the citizen from unlawful or oppressive imprisonment, by enforcing on the part of all persons who might have the custody of him, in prison, a prompt obedience to the writ of habeas .corpus: and on the part of the Judges the prompt granting of the writ: and upon all concerned in the prosecution of the crime, promptness in bringing the prisoner to trial. The clause for construction is that which relates to the trial of the prisoner. If not indicted the first term after commitment, unless that is prevented by the absence of the witnesses for the prosecution, the prisoner must be “ set at liberty on bail.”. If the prisoner is not indicted and tried the second term after his commitment, or upon his trial shall be acquitted, “ he shall be discharged from his imprisonment.” In the last event, the mandate for the discharge of the prisoner is peremptory; no discretionary power is reserved to the Judge to require bail on the discharge of the prisoner. The grant of such discretion cannot be claimed by construction, for in the preceding member of the section, it is directed that, if the prisoner be not indicted the first term, he shall be “ set at liberty on bail.” Be *257 sides, the enlargement of the prisoner, if at the second term he is not indicted and tried, must be as unrestrained as if upon his trial he was acquitted; because the direction for the enlargement of the prisoner is in the alternative. He must be discharged, if not indicted and tried the second term; in the same manner as if upon his trial he was acquitted. The construction of the statute is, that if the prisoner claims the benefit of it, in the manner prescribed, he must be discharged, if he be not indicted and tried within two terms after his commitment. It is so stated by Richardson and Colcock, JJ. in Spergen’s case, 1 McC. 584. In Gage’s case, Yin. Abr. Hab. Corp. H, a, Lord Hale is reported to have thus expounded the statute, “ By the act the king did declare that to be an obligation on the Courts of Justice, that if there was no prosecution in that time, the prisoner should be bailed the first term, without an affidavit of the king’s witnesses being then out of the way: and discharged the second-term, if not tried.” To the same effect are Fitzpatricks case, 1 Salk. 102; Crosley’s case, 12 Mod. 66 ; Platt’s case, 1 Leach, 202 ; Monaquo’s case, Charton, 24, (Georgia Rep.); Yates’s case, 1 Show. 186. In the report of the case of the State vs. Buyck, in 2 Bay, 564, it is stated as the opinion of the Court, that if the prisoner is not indicted and tried the second term, he should be discharged on bail, or on his own recognizance, according to the circumstances of the case. But that point did not arise ; and in the report of the same case by Judge Brevard, (1 vol. p. 460), it is not mentioned.
The motion is granted ; and it is ordered that the recognizance of Basket be cancelled.
O’Neall, Evans, Withers and Whitner, JJ. concurred.
Motion granted.